IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RKM INTERNATIONAL LTD (dba MARRIAGE INTRODUCTIONS HAWAII), a Hawaii Corporation, <br><br>             Plaintiff, <br><br>       vs. <br><br> TAKAKO FUJITA; DOE DEFENDANTS 1-20, <br><br>             Defendants. | CIVIL NO. 14-00539 JMS-RLP <br><br> FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT TAKAKO FUJITA |

FINDINGS AND RECOMMENDATION TO GRANT IN PART
AND DENY IN PART PLAINTIFF'S MOTION FOR DEFAULT
JUDGMENT AGAINST DEFENDANT TAKAKO FUJITA[1]

Before the Court is Plaintiff's Motion for Default Judgment Against Defendant Takako Fujita, filed on March 25, 2015 ("Motion"). ECF No. 13. Plaintiff served a copy of the Motion on an attorney that Plaintiff asserted was counsel for Defendant. See ECF No. 13-14. However, that attorney informed the Court that he did not represent Defendant. ECF No. 18. At the Court's direction, Plaintiff filed a supplemental memorandum addressing the issue of jurisdiction on April 13, 2015. ECF No. 19. The Court found the Motion suitable for disposition without a hearing

---

[1] Within fourteen days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1)(B), file written objections in the United States District Court. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation. If no objections are filed, no appellate review will be allowed.

pursuant to Rule 7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii.  ECF No. 15.  After careful consideration of the Motion, the declarations, exhibits, and the record established in this action, the Court FINDS AND RECOMMENDS that the Motion be GRANTED IN PART and DENIED IN PART.

BACKGROUND

Plaintiff, a Hawaii corporation doing business as Marriage Introductions Hawaii, is engaged in the matchmaking business.  ECF No. 1 ¶ 1, 2, 6.  Individuals become members of Plaintiff by entering into a contract with Plaintiff and paying a fee.  Id. ¶ 8.  Thereafter, Plaintiff introduces its members to each other.  Id. ¶ 6.  Plaintiff caters to people living in Hawaii and to Japanese nationals living in Hawaii and abroad. Id. ¶ 9.

Defendant became a member of Plaintiff in July 2014. Id. ¶ 11.  Thereafter, Defendant became dissatisfied with Plaintiff's service.  Id. ¶ 12.  Plaintiff discovered several disparaging posts on Japanese language websites under various pseudonyms that were directed at or referencing Plaintiff's business.  Id. ¶ 13.  Although the disparaging comments on the websites only identify the author by pseudonyms, Plaintiff identified Defendant as the author of the comments based on a comparison of the style, grammar, tone, and use of punctuation in

the comments with emails written to Plaintiff by Defendant.  Id.
¶¶ 20-23.

The disparaging comments make false statements about the manner and method which Plaintiff operates its business.  Id. ¶ 24.  Specifically, the false statements remark that Plaintiff pays prospective bachelors to pretend to be paying members, that Plaintiff requires members to pay additional fees to be introduced to prospective bachelors, and that Plaintiff did not provide the services promised.  Id. ¶¶ 25-28.  The disparaging comments were viewed by other Internet users as evidenced by the fact that other users responded to the original disparaging comments.  Id. ¶ 29.  As a result of the disparaging comments, Plaintiff's business has been harmed and its reputation has been tarnished.  Id. ¶¶ 32, 33.

Plaintiff filed its Complaint against Defendant on December 1, 2014, asserting claims for defamation/defamation per se and intentional interference with contract and prospective business advantage.  ECF No. 1.  Defendant was personally served with the Summons and Complaint in Hawaii on December 3, 2014.  ECF No. 10.  The Clerk entered default against Defendant pursuant to Rule 55(a) of the Federal Rules of Civil Procedure on December 29, 2014.  ECF No. 12.  The present Motion followed seeking default judgment against Defendant as to Plaintiff's claim for defamation/defamation per se.

ANALYSIS

Default judgment may be entered for the plaintiff if the defendant has defaulted by failing to appear and the plaintiff's claim is for a "sum certain or for a sum which can by computation be made certain[.]" Fed. R. Civ. P. 55(b)(1), (2). The granting or denial of a motion for default judgment is within the discretion of the court. Haw. Carpenters' Trust Funds v. Stone, 794 F.2d 508, 511-12 (9th Cir. 1986). Entry of default does not entitle the non-defaulting party to a default judgment as a matter of right. Valley Oak Credit Union v. Villegas, 132 B.R. 742, 746 (9th Cir. 1991). Default judgments are ordinarily disfavored, and cases should be decided on their merits if reasonably possible. Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986). The court should consider the following factors in deciding whether to grant a motion for default judgment:

(1) the possibility of prejudice to the plaintiff;

(2) the merits of plaintiff's substantive claim;

(3) the sufficiency of the complaint;

(4) the sum of money at stake in the action;

(5) the possibility of a dispute concerning material facts;

(6) whether the default was due to excusable neglect; and

(7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Id. at 1471-72.

On default "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977)). The allegations in the complaint regarding liability are deemed true, but the plaintiff must establish the relief to which it is entitled. Fair Hous. of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002). Also, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992) (citing Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978)).

### A. Jurisdiction

Before considering the merits of default judgment, the Court has an affirmative obligation to determine whether or not it has subject matter jurisdiction over this action and personal jurisdiction over Defendant. See In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999) ("To avoid entering a default judgment that can later be successfully attacked as void, a court should determine whether it has the power, i.e., the jurisdiction, to enter the judgment in the first place.").

### 1. Subject Matter Jurisdiction

Plaintiff is a resident of Honolulu, Hawaii; Defendant is a citizen and resident of Japan. ECF No. 1 ¶¶ 1, 3. Because Plaintiff is a citizen of Hawaii and Defendant is a citizen of a foreign state and the amount in controversy exceeds $75,000.00, this Court has diversity jurisdiction over this matter. See 28 U.S.C. § 1332(a)(2).

### 2. Personal Jurisdiction

Personal jurisdiction is proper if it is consistent with Hawaii's long-arm statute and it comports with due process of law. Boschetto v. Hansing, 539 F.3d 1011, 1021–22 (9th Cir. 2008). Because Hawaii's long-arm statute reaches to the full extent permitted by the United States Constitution, the Court need only determine whether due process permits the exercise of personal jurisdiction. Television Events & Mktg., Inc. v. Amcon Distrib. Co., 416 F. Supp. 2d 948, 958 (D. Haw. 2006) (citing Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800–01 (9th Cir.2004)); Haw. Rev. Stat. § 634–35.

For due process to be satisfied, a defendant must have "minimum contacts" with the forum state such that the assertion of jurisdiction "does not offend traditional notions of fair play and substantial justice." Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1155 (9th Cir. 2006) (citing Int'l Shoe Co. v. Wash., 326 U.S. 310, 315 (1945)). Here, the Court must determine whether it

has specific jurisdiction over Defendant. Specific jurisdiction exists if (a) the defendant has performed some act or consummated some transaction within the forum or otherwise purposefully availed himself of the privileges of conducting activities in the forum; (b) the claim arises out of or results from the defendant's forum related activities; and (c) the exercise of jurisdiction is reasonable. Boschetto, 539 F.3d at 1021.

### a. Purposeful Availment

First, the purposeful availment requirement is satisfied if the defendant "has taken deliberate action" toward the forum state. Panavision Int'l, L.P. v. Toeppen, 141 F.3d 1316, 1320 (9th Cir. 1998) (citing Ballard v. Savage, 65 F.3d 1495, 1498 (9th Cir. 1995)). It is not required that a defendant have physical contacts with the forum, so long as her efforts are "purposefully directed" toward forum residents. Id. In the context of torts related to the Internet, the purposeful availment requirement can be satisfied by the "effects doctrine." Id. at 1321. Under this doctrine, personal jurisdiction may attach on the basis of: "(1) intentional actions (2) expressly aimed at the forum state (3) causing harm, the brunt of which is suffered — and which the defendant knows is likely to be suffered — in the forum state." Id. (quoting Core-Vent Corp. v. Nobel Indus. AB, 11 F.3d 1482, 1486 (9th Cir. 1993)).

Here, Plaintiff asserts that Defendant intentionally

posted defamatory statements on the Internet about Plaintiff's Hawaii business, which caused harm to Plaintiff in Hawaii. See ECF No. 19 at 6-7. Plaintiff asserts that Defendant knew that Plaintiff was a resident of Hawaii because Defendant's posts expressly reference Hawaii. Plaintiff contends that it suffered harm in Hawaii, which was Defendant's intention. Id. at 7. Accordingly, the Court concludes that Defendant's contacts with Hawaii are sufficient to show purposeful availment under the effects doctrine.

### b. Claims Arise Out of Forum-Related Activities

Second, for specific personal jurisdiction, the claim asserted in the litigation must arise out of the defendant's forum-related activities. Panavision, Int'l, 141 F.3d at 1322 (citing Ziegler v. Indian River Cnty., 64 F.3d 470, 474 (1995)). Plaintiff must show that it would not have been injured "but for" Defendant's conduct directed toward forum. Id.

Here, as noted above, Defendant's contacts with Hawaii are her posting defamatory comments on various websites directed to customers of Plaintiff in Hawaii. If not for Defendant's conduct, Plaintiff would not have been injured. Accordingly, the Court concludes that the second requirement for specific personal jurisdiction is met.

### c. Reasonableness of Exercise of Jurisdiction

Finally, to satisfy due process, the exercise of

personal jurisdiction must be reasonable.  Id. (citing Ziegler, 64 F.3d at 474-75).  For jurisdiction to be reasonable, it must comport with "fair play and substantial justice."  Id. (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476-77 (1985)).

To determine reasonableness, the Court must balance seven factors:  (1) the extent of a defendant's purposeful interjection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum.  Core-Vent Corp., 11 F.3d at 1487-88 (citing Paccar Int'l, Inc. v. Commercial Bank of Kuwait, S.A.K., 757 F.2d 1058, 1065 (9th Cir. 1985)).  Here, the Court finds that these factors weigh in favor of finding that the exercise of jurisdiction over Defendant comports with the notions of fair play and substantial justice.

First, the degree of Defendant's interjection weighs in favor of finding jurisdiction.  Defendant's acts were aimed at Plaintiff in Hawaii.  She posted defamatory comments about Plaintiff's business in Hawaii knowing that this would likely injure Plaintiff in Hawaii.  Additionally, as noted by Plaintiff,

9

Defendant sent emails to Plaintiff in Hawaii, visited Plaintiff's office in Hawaii on three occasions, entered into a contract with Plaintiff in Hawaii, and filed a consumer complaint against Plaintiff with the Better Business Bureau of Hawaii. ECF No. 19 at 8-9. The contract between Defendant and Plaintiff included a jurisdictional clause stating that the courts in Hawaii "shall have personal and subject matter jurisdiction over the parties." Id. at 8-9. As a result, the purposeful interjection factor weighs in favor of the Court's exercise of personal jurisdiction.

Second, the burden on Defendant, a citizen of Japan, to litigate in Hawaii is significant; however, the inconvenience is not so great as to deprive her of due process, particularly given Defendant's purposeful availment to the forum. See Panavision Int'l, 141 F.3d at 1323 (quoting Caruth v. Int'l Psychoanalytical Ass'n, 59 F.3d 126, 128–29 (9th Cir. 1995) ("A defendant's burden in litigating in the forum is a factor in the assessment of reasonableness, but unless the 'inconvenience is so great as to constitute a deprivation of due process, it will not overcome clear justifications for the exercise of jurisdiction.'")).

Third, the sovereignty factor concerns the extent to which the court's exercise of jurisdiction in Hawaii would conflict with the sovereignty of Japan. See Core-Vent Corp., 11 F.3d at 1489. "[L]itigation against an alien defendant creates a higher jurisdictional barrier than litigation against a citizen from a sister state because important sovereignty concerns

exist." Sinatra v. Nat'l Enquirer, 854 F.2d 1191, 1199 (9th Cir. 1988). Although this factor weighs in Defendant's favor, it is not controlling. See Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd., 328 F.3d 1122, 1133 (9th Cir. 2003).

Fourth, Hawaii has a "strong interest in providing an effective means of redress for its residents who are tortiously injured." Resnick v. Rowe, 283 F. Supp. 2d 1128, 1141 (D. Haw. 2003) (quoting Miracle v. N.Y.P. Holdings, Inc., 87 F. Supp. 2d 1060, 1070 (D. Haw. 2000)). Because Plaintiff is a Hawaii corporation, this factor weighs in favor of finding jurisdiction.

Fifth, consideration of the most efficient judicial resolution is "no longer weighted heavily given the modern advances in communication and transportation." Panavision Int'l, 141 F.3d at 1323 (citing Caruth, 59 F.3d at 129). Because witnesses and evidence are located in both Hawaii and Japan, this factor is neutral.

Sixth, although it would be more costly and inconvenient for Plaintiff to litigate in another forum, this factor is given little weight. See id. at 1324 ("In evaluating the convenience and effectiveness of relief for the plaintiff, we have given little weight to the plaintiff's inconvenience." (citing Ziegler, 64 F.3d at 476)).

Seventh, Plaintiff has not demonstrated the unavailability of an alternative forum. See id. However, because Defendant has not come forward to request an alternative

forum, this factor is neutral.

Balancing these seven factors, the Court concludes that the exercise of specific personal jurisdiction over Defendant is reasonable.

### B. <u>Eitel</u> Factors

Following a determination that jurisdiction is proper, the Court must consider whether default judgment is appropriate under the <u>Eitel</u> factors outlined above.

#### 1. The Possibility of Prejudice to Plaintiff

The first factor considers whether Plaintiff would suffer prejudice if default judgment is not entered. <u>See</u> <u>PepsiCo, Inc. v. Cal. Sec. Cans</u>, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Here, absent entry of default judgment, Plaintiff would be without another recourse for recovery. Accordingly, the first <u>Eitel</u> factor favors default judgment.

#### 2. Merits of Plaintiff's Substantive Claims

As noted above, for purposes of liability the factual allegations in the complaint are taken as true on default. <u>See</u> <u>TeleVideo Sys., Inc.</u>, 826 F.2d at 917-18; <u>Fair Hous. of Marin</u>, 285 F.3d at 906. Here, Plaintiff only seeks default judgment against Defendant for its claim of defamation/defamation per se. <u>See</u> ECF No. 13. To state a claim for defamation under Hawaii law, Plaintiff must allege: "(1) a false and defamatory statement concerning another; (2) an unprivileged publication to

a third party; (3) fault amounting at least to negligence on the part of the publisher; and (4) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication." Gonsalves v. Nissan Motor Corp. in Hawaii, Ltd., 58 P.3d 1196, 1218 (Haw. 2002).

First, Plaintiff asserts that the following statements made by Defendant about Plaintiff are false: that it is a scam, has only 10 male members, pays males to act as "shills," subjects females to abusive language and harassment, and tries to break up relationships of couples who have met through Plaintiff. ECF No. 13-1 at 11; ECF No. 1 ¶ 36. Second, Plaintiff alleges that Defendant knowingly published these false statements on various websites. ECF No. 1 ¶ 38. Third, Plaintiff alleges that Defendant made these statements intentionally. Id. Fourth, Plaintiff asserts, in the alternative, that Defendant's statements are defamation per se or that Plaintiff has suffered special damages. ECF No. 13 at 12-13.

Under Hawaii law, defamatory statements "which have a tendency to injure [Plaintiff] in [its] office, profession, calling or trade" are considered defamation per se. Partington v. Bugliosi, 825 F. Supp. 906, 915 (D. Haw. 1993) (citing Butler v. United States, 365 F. Supp. 1035, 1044 (D. Haw. 1973)). If the statements are not per se defamatory, "the court must consider the additional question of whether [Plaintiff] has adequately plead special damages." Id.

The Court finds that Plaintiff has sufficiently pled defamation per se because the statements made by Defendant concern Plaintiff's ability to conduct its business. Specifically, Defendant stated that Plaintiff is an "unscrupulous scam operation" that only has "about 10 male members" and pays "males to work part-time as shills." ECF Nos. 13-9 at 2; 13-10 at 2. These statements impugn Plaintiff's business reputation. Because the Court finds that Plaintiff's allegations are sufficient to establish that it is entitled to judgment against Defendant for defamation per se, the Court need not examine whether Plaintiff has sufficiently pled special damages. This factor weighs in favor of default judgment because the allegations in the Complaint, taken as true, are sufficient to establish Plaintiff's claim for defamation per se.

### 3. Sufficiency of the Complaint

The allegations in the Complaint are sufficiently pled and supported by the documents filed with the Motion. The Court finds that the sufficiency of the Complaint weighs in favor of default judgment.

### 4. Sum of Money at Stake

The Court "must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." PepsiCo, Inc., 238 F. Supp. 2d at 1177 (citing Eitel, 782 F.2d at 1472). Plaintiff seeks damages against Defendant in the amount of

$258,900 in special damages, unspecified general damages, and punitive damages of "three times the damages otherwise awarded to Plaintiff." ECF No. 13-1 at 14-15. Although, as discussed below, the Court finds that Plaintiff has not carried its burden regarding special damages and punitive damages, Plaintiff's general damages request is tailored to Defendant's specific wrongful conduct. The Court finds that this factor weighs in favor default judgment.

### 5. Possibility of Dispute Concerning Material Facts

As noted above, the well-pled factual allegations of the Complaint, except those relating to the amount of damages, will be taken as true. <u>TeleVideo Sys., Inc.</u>, 826 F.2d at 917-18. Defendant has been given a fair opportunity to defend this action; Defendant has not done so. Because no dispute has been raised regarding Plaintiff's material factual allegations, this factor favors default judgment.

### 6. Whether Default was Due to Excusable Neglect

The Court finds that Defendant's default was not the result of excusable neglect. Defendant failed to defend this action and default was entered against her. <u>See</u> ECF No. 10. The record suggests that Defendant's default was not the result of any excusable neglect, but rather due to Defendant's conscious and willful decision not to defend this action. Consequently, this factor favors default judgment.

### 7. Policy Favoring Decisions on the Merits

Defendant's default makes a decision on the merits impractical, if not impossible. Under Rule 55, "termination of a case before hearing the merits is allowed whenever a defendant fails to defend an action." PepsiCo., Inc., 238 F. Supp. 2d at 1177; see also Philip Morris USA, Inc. v. Castworld Prods., Inc., 219 F.R.D. 494, 501 (C.D. Cal. 2003) ("the mere existence of Fed. R. Civ. P. 55(b) indicates that the seventh Eitel factor is not alone dispositive"). Here, Defendant has failed to defend this action and has consequently rendered adjudication on the merits before this Court impracticable. This factor does not preclude the Court from entering default judgment against Defendant.

### 8. Totality of Eitel Factors

The Court finds that the totality of the factors weigh in favor of entering default judgment in Plaintiff's favor and against Defendant.

### C. Remedies

Although Defendant's default establishes her liability, it does not establish the amount of damages or other relief to which Plaintiff is entitled. See Fair Hous. of Marin, 285 F.3d at 906. "In determining damages, the court can rely on the declarations submitted by the plaintiff." Philip Morris, 219 F.R.D. at 498. Plaintiff must provide evidence of its damages, and the damages "must not differ in kind from, or exceed in

16

amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). As noted above, Plaintiff requests that the Court award special damages, general damages, and punitive damages. See ECF No. 13-1 at 14-15.

First, regarding actual damages, Plaintiff asserts that its monthly average revenue from new Japanese members for the months of September through December 2014 decreased by $21,575, as compared to the rest of 2014. See ECF No. 13-1 at 12-13. Accordingly, Plaintiff asks the Court to award special damages in the amount of $258,900, which is the monthly average decline in Plaintiff's revenue from new members before and after the publication of Defendant's statements for a period of one year. Id. at 14. The Court finds that Plaintiff has not carried its burden in proving special damages. The Complaint does not allege the specific dates that Defendant made the defamatory comments on the various websites. See ECF No. 1. In support of its Motion, Plaintiff attached three posts made by Defendant. See ECF Nos. 13-9, 13-10, 13-11; see also Decl. of Reiko Keifert, ECF No. 13-3, ¶¶ 16-18. These three posts are dated September 23 and 25, 2014. See ECF Nos. 13-9 at 2, 13-10 at 2, 13-11 at 2. The information provided by Plaintiff shows a decline in the money received from new membership starting in September 2014 through December 2014. Decl. of Reiko Keifert, ECF No. 13-3, ¶ 19. Although Plaintiff provided a declaration from its owner, Reiko Keifert, to verify that the financial documents provided in

17

support of Plaintiff's Motion were accurate, Plaintiff does not provide any other evidence regarding the harm to Plaintiff's business.  The Court is unpersuaded that the decline in membership was a result of Defendant's statements.  Defendant's statements were made during the last week of September, but the decline in new members began at the beginning of September and continued throughout the month.  See ECF No. 13-12 at 10.  Further, there is no evidence that Defendant made any defamatory statements in October, November, or December 2014.  Plaintiff provides no support for its request of one year's damages based on the monthly average decline and provides no evidence to suggest that its decline in membership continued into 2015.  The Court finds that Plaintiff has failed to prove special damages.

Second, regarding general damages, Plaintiff acknowledges that there is no "universal benchmark for awarding damages" for defamation per se.  ECF No. 13-1 at 14.  Plaintiff cites to three cases where the courts awarded general damages in defamation per se cases.  Id. at 14-15.  The awards in these three cases were $50,000, $100,000, and $1,078,987.  Id.  Plaintiff does not provide any facts from these cases or detail how the awards in these cases should be instructive to this Court.  Given the nature of Defendant's statements, the fact that Defendant made three posting over a short period of time, and the evidence presented by Plaintiff, the Court finds that an award of $10,000 in general damages is appropriate.  See, e.g., Omega

World Travel, Inc. v. Mummagraphics, Inc., No. 1:05cv122, 2007 WL 5137903 (E.D. Va. June 01, 2007) (awarding $10,000 in compensatory damages to corporation for defamation relating to statements made on a website); Olde Towne Pet Resort, LLC v. Golden, No. CL 2006 4268, 2007 WL 1789023 (Va. Cir. Ct. Apr. 16, 2007) (awarding $10,000 in compensatory damages to corporation for defamatory statements made on website).

Third, regarding Plaintiff's request for punitive damages, under Hawaii law, punitive damages are "assessed in addition to compensatory damages for the purpose of punishing the defendant for aggravated or outrageous misconduct and to deter the defendant and others from similar conduct in the future." Masaki v. Gen. Motors Corp., 780 P.2d 566, 570 (Haw. 1989). To warrant punitive damages, Plaintiff "must prove by clear and convincing evidence that the defendant has acted wantonly or oppressively or with such malice as implies a spirit of mischief or criminal indifference to civil obligations, or where there has been some wilful misconduct or that entire want of care which would raise the presumption of a conscious indifference to consequences." Ass'n of Apt. Owners v. Venture 15, Inc., 167 P.3d 225, 290 (Haw. 2007) (quoting Masaki, 780 P.2d at 570). Based on the circumstances of this case and the evidence presented by Plaintiff, the Court finds that Plaintiff has failed to demonstrate that punitive damages are appropriate in this action.

19

Accordingly, the Court RECOMMENDS that Plaintiff be awarded $10,000 in general damages.

## CONCLUSION

The Court FINDS and RECOMMENDS that Plaintiff's Motion for Default Judgment Against Defendant Takako Fujita be GRANTED IN PART and DENIED IN PART as follows:

(1) Default judgment be entered in Plaintiff's favor and against Defendant Takako Fujita as to Plaintiff's claim for defamation per se;

(2) Plaintiff be awarded general damages in the amount of $10,000 against Defendant Takako Fujita;

(3) Plaintiff's request for other relief not otherwise specified herein be DENIED.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, APRIL 29, 2015.

Richard L. Puglisi
United States Magistrate Judge

**RKM INTERNATIONAL LTD V. FUJITA, ET AL.; CIVIL NO. 14-00539 JMS-RLP; FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT TAKAKO FUJITA**